### In the Matter of Summer Marie MILLER.

### No. 02S00–0107–DI–321.

Supreme Court of Indiana.

March 13, 2002.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the hearing officer's judgment on the Disciplinary Commission's *Verified Complaint for Disciplinary Action*, we find that the respondent engaged in attorney misconduct.

**Facts:** The respondent neglected an estate that she had been hired to close, prompting the court to issue a contempt citation based on her failure to close the estate. She eventually abandoned her representation of the estate without notifying the decedent's husband, necessitating that the husband close the estate himself and resulting in his incurring an additional $1,225 in legal fees to have another attorney transfer title of real property that was part of the estate. The respondent charged a fee of almost $5,000 for the representation.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.1, which requires that a lawyer provide competent representation; Prof.Cond.R. 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client; Prof.Cond.R. 1.4(a), which requires a lawyer to keep clients reasonably informed about the status of their legal matters and promptly to respond to their reasonable requests for information; Prof. Cond.R. 1.4(b), which requires a lawyer to explain matters to a client to the extent reasonably necessary to permit a client to make informed decisions regarding a representation; Prof.Cond.R. 1.5(a), which requires a lawyer's fee to be reasonable; Prof.Cond.R. 1.5(b), which requires a lawyer communicate to his client the rate or basis for his fee within a reasonable time after commencing the representation; Prof.Cond.R. 3.4(c), which prohibits a lawyer from disobeying an obligation under the rules of a tribunal except under circumstances not present in this case; Prof. Cond.R. 8.4(d), which proscribes conduct prejudicial to the administration of justice; and Prof.Cond.R. 8.1(b) by failing to respond to a lawful demand for information from the Commission.

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of not fewer than 120 days, effective April 20, 2002, at the conclusion of which the respondent may petition this Court for reinstatement to the practice of law. In addition to the requirements of reinstatement contained in Admis.Disc.R. 23(4), the issue of the respondent's restitution to the client shall also be considered during any reinstatement proceeding. Costs of this proceeding are assessed against the respondent.

All Justices concur.